UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON GAGNON,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF ORANGE; CASEY BRIGGS; and DOES 1 through 10, inclusive,<br><br>          Defendants. | CASE NO.: 8:25-cv-02123-FWS-ADS<br><br>BEFORE THE HONORABLE FRED W. SLAUGHTER COURTROOM 10D<br><br>ALL DISCOVERY MATTERS REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><u>HEARING DATES PENDING</u>:<br>Type:  Pre-trial Conference<br>Date:  February 25, 2027<br>Time:  8:30 a.m.<br>Ctrm:  10D<br><br>Type:  Jury Trial<br>Date:  March 16, 2027<br>Time:  8:00 a.m.<br>Ctrm:  10D |

IT IS HEREBY STIPULATED by and between the Parties to *Gagnon v. County of Orange et al.*, Plaintiff DEVON GAGNON and Defendants COUNTY OF ORANGE, a public entity, and DEPUTY CASEY BRIGGS, as employee of County of Orange, a public entity (erroneously named as Casey Briggs) (sometimes collectively "Parties") by and through their respective counsel of record, that in order to facilitate

1

the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

## I.    PURPOSES AND LIMITATIONS

A.    Discovery in this Action may involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and any pertinent orders of District Judge Frederick W. Slaughter and Magistrate Judge Autumn D. Spaeth set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.    GOOD CAUSE STATEMENT

A.    In light of the nature of the claims and allegations in this Action and the Parties' representations that discovery in this Action may involve the production of confidential records, and to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in connection with this Action, to address their handling of such material at the end of the Action, and to serve the ends of justice, a protective order for such information is justified in this matter.

This Action may involve confidential information pertaining to various records,

4915-7039-9634, v. 1

including personnel records and law enforcement records, and perhaps other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than the prosecution or defense of this Action is warranted. Limiting disclosure of these documents to the context of this Action as provided herein will, accordingly, further important law enforcement objectives and interests, including the safety of personnel and the public, as well as individual privacy rights of Plaintiff, the individual Defendant, and third parties. Such confidential materials and information may consist of, among other things, materials entitled to privileges and/or protections under the following: *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); the Privacy Act of 1974, 5 U.S.C. § 552; Health Insurance Portability and Accountability Act of 1996 (HIPAA); other decisional law relating to such provisions; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under federal statutes, principles of comity, court rules, case decisions, or common law. Defendants also contend that such confidential materials and information may consist of materials entitled to the official information privilege. Confidential information with respect to the Defendants may include but is not limited to:  personnel files; internal investigative files and documents; email and written correspondence records; as well as other information that is not generally available to the public and is subject to the official information privilege and/or other privileges.

The Parties agree to refrain from directly or indirectly disclosing or publicly disseminating Confidential documents or information obtained through the course of discovery or otherwise, specifically including, but not limited to, dissemination via billboard advertisements, print and online media organizations, or any other internet posting or social media. If any Party intends to use such Confidential materials for any purpose other than litigating this Action, the Party seeking public disclosure must first seek approval from the Court. The Parties shall not designate any information or documents as Confidential without a good faith belief that such information or

3

4915-7039-9634, v. 1

documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record in this Action.

### III.   DEFINITIONS

A.   Action: This pending federal lawsuit, *Devon Gagnon v. County of Orange et al.*, Case No. 8:25-cv-02123-FWS-ADS.

B.   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

C.   "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

E.   Defendants: Defendants County of Orange and Deputy Casey Briggs.

F.   Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

G.   Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

H.   Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party to serve as an expert witness or as a consultant in this Action.

I.   House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4

4915-7039-9634, v. 1

J.    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

K.    Order: This Stipulated Protective Order.

L.    Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

M.    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

N.    Plaintiff: Plaintiff Devon Gagnon.

O.    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

P.    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

Q.    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

R.    Receiving Party: A Party that receives Protected Material from a Producing Party.

IV.    SCOPE

A.    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of

5

4915-7039-9634, v. 1

the trial judge.  This Order does not govern the use of Protected Material at trial.

## V.   DURATION

A.   Should this Action proceed to trial or to a determination on its merits via a Federal Rule of Civil Procedure section 56 motion, and in connection therewith any or all of the Protected Material is offered as evidence, the Protected Material offered as evidence becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial.

B.   Except for Protected Material offered in evidence as described in the preceding paragraph, even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, the Confidential item or information has been de-designated, or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

A.   Exercise of Restraint and Care in Designating Material for Protection

1.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents,

6

items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.     Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

3.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.     Manner and Timing of Designations

1.     Except as otherwise provided in this Order (*see, e.g.*, Section VI.B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.     Designation in conformity with this Order requires the following:

a.     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.     A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied

7

and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c. For testimony given; photographs, video, or audio footage taken; and exhibits and other documents used in depositions, that the Designating Party identify the Protected Material on the record before the close of the deposition. Arrangements shall be made with the court reporter transcribing the deposition and the videographer taping the deposition to separately package such portions of the transcript or video containing information designated as Confidential, and to label such portions appropriately.

d. For information produced in form other than documents and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

e. The "CONFIDENTIAL" stamp shall be affixed to documents and other tangible items in a manner that does not obscure the information contained thereon.

C. Inadvertent Failure to Designate

8

4915-7039-9634, v. 1

1. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Timing of Challenges

1. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B. Meet and Confer

1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving

9

4915-7039-9634, v. 1

Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, board members, council members, insurers (including third party administrators, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

g.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) that if the witness is a Non-Party, the deposing party requests

10

4915-7039-9634, v. 1

that the witness and their attorney sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony; video or audio footage of deposition testimony; or exhibits to depositions that reveal Protected Material must be separately packaged by the court reporter and/or the videographer and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## IX.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.     If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Receiving Party must:

1.      Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

2.      Promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.     If the Designating Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court

11

4915-7039-9634, v. 1

from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party, if requested.

C.    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

4915-7039-9634, v. 1

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its confidential material.

## XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.    When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XIII. MISCELLANEOUS

A.    Right to Further Relief

1.    Nothing in this Order abridges the right of any person to seek its

4915-7039-9634, v. 1

modification by the Court in the future.

B.    Right to Assert Other Objections

1.    By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

C.    Filing Protected Material

1.    A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of District Judge Frederick W. Slaughter and Magistrate Judge Autumn D. Spaeth. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV.  FINAL DISPOSITION

A.    After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

14

4915-7039-9634, v. 1

Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section V.

B.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 20, 2026                LAW OFFICE OF JERRY L. STEERING

                                   /s/ Jerry L. Steering
                                   JERRY L. STEERING
                                   Attorney for Plaintiff DEVON GAGNON

Dated: May 20, 2026                LAW OFFICE OF GREGORY PEACOCK

                                   /s/ Gregory Peacock
                                   GREGORY PEACOCK
                                   Attorney for Plaintiff DEVON GAGNON

Dated: May 20, 2026                WOODRUFF & SMART, APC

                                   /s/ Brian A. Moore
                                   CAROLINE A. BYRNE
                                   BRIAN A. MOORE
                                   Attorneys for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY CASEY BRIGGS, as employee of COUNTY OF ORANGE, a public entity (erroneously named as Casey Briggs)

15

4915-7039-9634, v. 1

Pursuant to local 5-4.3.4, I, Brian Moore, attests that Jerry L. Steering and Gregory Peacock concur with the contents of this Stipulated Protective Order and has authorized the filing of the same.

Dated: May 20, 2026                          WOODRUFF & SMART, APC


                                             /s/ Brian A. Moore
                                             CAROLINE A. BYRNE
                                             BRIAN A. MOORE
                                             Attorneys for Defendants COUNTY OF ORANGE, a public entity, and DEPUTY CASEY BRIGGS, as employee of COUNTY OF ORANGE, a public entity (erroneously named as Casey Briggs)


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**



Dated: May 21, 2026                               /s/ Autumn D. Spaeth
                                             THE HONORABLE AUTUMN D. SPAETH
                                             United States Magistrate Judge

16

4915-7039-9634, v. 1

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [DATE] in the case of *Devon Gagnon v. County of Orange et al.*, Case No. 8:25-cv-02123-FWS-ADS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

17

4915-7039-9634, v. 1

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On May 20, 2026, I served the foregoing document(s) described as: **STIPULATED PROTECTIVE ORDER**

☐    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

☐    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by GSO/GLS and/or FedEx to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF & SMART for collection and processing of documents for overnight delivery and said envelope(s) will be deposited for receipt by GSO/GLS and/or FedEx on said date in the ordinary course of business.

☐    **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☐    **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

☒    (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on May 20, 2026, at Costa Mesa, California.

*/s/ Diane Castillo*_____
Diane Castillo

18

4915-7039-9634, v. 1

**DEVON GAGNON v. COUNTY OF ORANGE, et al.**

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO. 8:25-cv-02123-FWS-ADS**

**ASSIGNED FOR ALL PURPOSES TO**
**HONORABLE FRED W. SLAUGHTER**
**COURTROOM 10D**

**SERVICE LIST**

Jerry L. Steering, Esq.                          Attorneys for Plaintiff
LAW OFFICE OF JERRY L. STEERING    **DEVON GAGNON**
4063 Birch Street, Suite 100
Newport Beach, CA  92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email:  jerrysteering@yahoo.com


Gregory Peacock, Esq.                            Attorneys for Plaintiff
LAW OFFICE OF GREGORY PEACOCK    **DEVON GAGNON**
4063 Birch Street, Suite 100
Newport Beach, CA  92660
Telephone: (949) 292-7478
Email:  gregorypeacockesq@gmail.com

19

4915-7039-9634, v. 1